Filed 2/8/24  P. v. Chapman CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LOVELLE MARQUIS CHAPMAN,<br><br>    Defendant and Appellant. | C098801<br><br>(Super. Ct. No. 03F08560) |

Defendant Lovelle Marquis Chapman filed a petition for resentencing in the trial court under Penal Code former section 1170.95 (now section 1172.6).[1]  The trial court denied the petition at the prima facie stage.

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Although defendant filed his petition under former section 1170.95, we cite to current section 1172.6 throughout this opinion.

1

Appealing from the denial, defendant argues the trial court engaged in impermissible factfinding. We conclude, however, that defendant's record of conviction establishes he was not facing a conviction for murder under a theory for which malice could be imputed when he entered his no contest plea to voluntary manslaughter as the actual killer, and thus he is ineligible for relief as a matter of law. We will affirm the trial court's postjudgment order denying defendant's petition for resentencing.

BACKGROUND

Defendant's group had a confrontation with another group at a party. After leaving, defendant and his group drove by the party and defendant fired multiple shots at party attendees, killing one of them. There was only one shooter. (*People v. Chapman* (June 27, 2008, C054401) [nonpub. opn.] (*Chapman*).)

In 2006, a jury found defendant guilty of second degree murder (§ 187, subd. (a)) and found true two firearm enhancements, including that defendant personally and intentionally fired a gun proximately causing great bodily injury or death (§ 12022.53, subd. (d)). The trial court sentenced defendant to an aggregate prison term of 40 years to life.

Defendant appealed, challenging the applicability to his case of felony murder and the natural and probable consequences doctrine. This court held that the crime did not support jury instructions on second degree felony murder, and it was also error to instruct on the natural and probable consequences theory of second degree murder because defendant was the alleged direct perpetrator. This court reversed and remanded for retrial on the remaining valid theory, malice aforethought second degree murder. (*Chapman*, *supra*, C054401.)

Retrial proceedings began in 2009. The amended information alleged that defendant personally committed murder with malice aforethought (§ 187, subd. (a)), personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)), and committed five counts of assault with a firearm (§ 245, subd. (a)(2)) against five

2

additional victims with enhancing allegations that defendant used a firearm (§ 12022.5, subd. (a)(1)) in the commission of those counts.

Defendant ultimately pleaded no contest to the lesser included offense of involuntary manslaughter and five counts of assault with a firearm. He admitted using a firearm in the commission of each of the crimes. (§ 12022.5, subd. (a)(1).) The factual basis for the plea consisted of the pleadings and briefs, and also included a statement from the People indicating that after his friends were involved in a verbal dispute at a party, defendant got in a vehicle and pointed a handgun out the window in front of the party, where he fired five or six shots at party attendees with a .38 caliber revolver, striking one victim in the chest, causing death. Defendant's counsel did not add anything to the factual basis.

The plea agreement provided for a stipulated aggregate prison sentence of 42 years eight months, consisting of the following: the upper term of 11 years for voluntary manslaughter plus an upper term of 10 years for the associated firearm enhancement; one year for each assault; and three years four months for each firearm enhancement associated with the assaults. The trial court sentenced defendant consistent with the plea agreement.

In 2022, defendant filed a petition for resentencing. At a prima facie hearing, the People argued this court's remittitur had limited defendant's retrial to a malice aforethought theory of second degree murder. But defendant argued the remittitur did not preclude defendant from making a prima facie showing because the trial court could not conclude at the prima facie stage that there were no new facts upon which the People could have sought to use an imputed malice theory on retrial. The trial court denied the petition, ruling defendant could not establish a prima facie case as a matter of law because the remittitur limited defendant's prosecution to express or implied malice murder in the second degree, and defendant's plea established that he was the actual killer.

3

## DISCUSSION

Defendant argues the trial court engaged in impermissible factfinding. We disagree.

### A

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 "narrowed the application of the felony-murder rule" and eliminated the natural and probable consequences theory as a means of murder prosecution for a killing performed by another person. (*People v. Curiel* (2023) 15 Cal.5th 433, 448; *id.* at p. 449.)

Senate Bill No. 1437 also added former section 1170.95 (now section 1172.6), which allows "those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*People v. Gentile* (2020) 10 Cal.5th 830, 843.) Senate Bill No. 775 (2021-2022 Reg. Sess.) extended this relief to those convicted of attempted murder and manslaughter. (Stats. 2021, ch. 551, § 2.) Under section 1172.6, a petitioner convicted of voluntary manslaughter is entitled to be resentenced if: (1) he or she was charged under a theory that would have allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice was imputed to the person based solely on that person's participation in a crime (§ 1172.6, subd. (a)(1)); (2) the conviction followed a trial, or a plea in lieu of trial, at which the petitioner could have been convicted of murder (§ 1172.6, subd. (a)(2)); and (3) the petitioner could not now be convicted of murder because of Senate Bill No. 1437's changes to sections 188 and 189 (§ 1172.6, subd. (a)(3)).

Section 1172.6, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962 (*Lewis*).) First, the trial court must determine whether the petition is facially sufficient under section 1172.6, subdivision (b). (*Lewis*, at p. 960.) If the petition is facially sufficient, the court follows section 1172.6, subdivision (c), appointing counsel (if requested) and following the briefing schedule set forth in the statute. (*Lewis*, at p. 966.) Following the completion of this briefing, the court determines whether a petitioner has made a prima facie showing that he or she is entitled to relief. (*Ibid.*)

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 117[2.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis, supra*, 11 Cal.5th at p. 971.)

We independently review the trial court's decision to deny a section 1172.6 petition for resentencing at the prima facie stage. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*).)

B

Defendant argues neither the reversed second degree murder conviction with a section 12022.53, subdivision (d) enhancement, nor his plea to voluntary manslaughter with a section 12022, subdivision (a)(1) enhancement, establish his ineligibility for relief

5

as a matter of law. He argues the trial court's use of the unstipulated factual basis for his plea to conclude he was the actual killer constituted a prohibited discretionary determination. And he claims this court's remittitur reversing his murder conviction for erroneously including felony murder and natural and probable consequences theories in the jury instructions did not establish defendant's ineligibility for resentencing, because there was still a possibility he could have been convicted of murder on a natural and probable consequences theory premised upon the assault with a deadly weapon counts added to the information upon remand, and the remittitur is not determinative because he could still have been convicted upon any other theory under which malice is imputed.

Defendant's arguments lack merit. At the time of his plea, defendant was not facing prosecution for murder under a theory of felony murder or the natural and probable consequences doctrine. He successfully appealed his first murder conviction because the jury had been instructed with those theories. (*Chapman, supra*, C054401.) The information was subsequently amended to facilitate defendant's plea agreement.

There is also no indication that defendant was facing imputed malice murder liability upon some other theory. (§ 1172.6, subd. (a)(2).) Defendant was prosecuted as the actual killer. (*Chapman, supra*, C054401.) This distinguishes the matter from *People v. Maldonado* (2023) 87 Cal.App.5th 1257 wherein the court found an ambiguity in jury instructions on aiding and abetting lying in wait murder allowed a possible imputing of malice, thus requiring an evidentiary hearing. (*Id.* at pp. 1266-1267, 1269.)

As the actual killer, the legislative changes brought about by Senate Bill Nos. 1437 and 775 do not help defendant. (*People v. Strong* (2022) 13 Cal.5th 698, 710; see, e.g., *People v. Garcia* (2022) 82 Cal.App.5th 956, 972-973; *Harden, supra*, 81 Cal.App.5th at pp. 59-60; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 [actual killer convicted of second degree murder ineligible for relief], abrogated on another point in *Lewis, supra*, 11 Cal.5th at pp. 961-962.) Contrary to defendant's argument, his record of conviction establishes his ineligibility for relief.

## DISPOSITION

The trial court's postjudgment order denying defendant's petition for resentencing is affirmed.

                                             _____/S/_____
                                             MAURO, J.

We concur:

_____/S/_____
HULL, Acting P. J.

_____/S/_____
KRAUSE, J.